UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GALEN YEARGAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV00170 LMB |
| ) | |
| SUMMIT TREE STANDS, L.L.C., ) | |
| and OUTDOOR HUNTING SUPPLIES, ) | |
| INC., d/b/a Outdoors Experience, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Presently pending before the court is Plaintiff's Motion for Extension of Time and Leave of This Court. (Document Number 51). Defendant Summit Treestands, LLC ("Summit") has filed a Memorandum in Opposition to Plaintiff's Motion for Leave to Re-Open Expert Discovery ("Response"). (Doc. No. 52). Plaintiff has filed a Reply. (Doc. No. 53).

## Background

In a Memorandum and Order dated October 13, 2011, the court granted defendant Summit's Motion to Bar the Testimony and Opinions of Plaintiff's Expert Norman Johanson. (Doc. No. 49). The court found that the testing performed by Mr. Johanson was inaccurate. Specifically, Mr. Johanson did not use the specifications of the subject treestand in his testing. The court concluded that Mr. Johanson's testimony and opinions were, therefore, not reliable and would only confuse a jury. In the interest of justice, however, the court granted plaintiff ten days in which to request an additional thirty days to remedy the deficiency in Mr. Johanson's testimony.

On October 21, 2011, plaintiff filed a Motion for Extension of Time and Leave of Court, in which he requests an additional thirty days "to conduct further discovery including testing and review of all facts and circumstances of this matter and the claim of plaintiff in order to complete such testing

as the expert finds necessary in order to assist the ultimate trier of fact." (Doc. No. 51). Plaintiff states that he is requesting such an extension pursuant to the court's previous order, and also requests leave to complete a supplemental report that will be provided to defendant and the court, and to conduct further investigation of this matter to complete the testing. Plaintiff states that the purpose of his request is to further remedy the issues raised by defendant regarding the testimony of Mr. Johanson as set out in the court's order.

In its Response, Summit argues that plaintiff's failure to put his best expert evidence forward should not result in a re-opening of expert discovery. Summit relies on Weisgram v. Marley Co., 528 U.S. 440, 455, 120 S.Ct. 1011, 1021, 145 L.Ed.2d 958 (2000), in support of its position that plaintiff should not be given a "second chance." Summit further contends that plaintiff's proposed re-opening of expert discovery is impractical, unworkable, and prejudicial to Summit. Summit argues, in the alternative, that the court should order that: (1) plaintiff shall pay all attorney's fees, expenses, and costs incurred by Summit in connection with the re-opening of expert discovery; (2) Mr. Johanson shall subject himself to a second deposition after his new testing and new report have been completed and submitted; (4) Summit's expert shall be permitted to submit a supplemental report after the submission of Mr. Johanson's new report and second deposition; (5) plaintiff shall have the option of re-deposing Summit's expert regarding Summit's expert's supplemental report; and (6) if items (2) through (5) in Summit's alternative prayer cannot in good faith be accomplished within a thirty-day period following the court's granting of leave to re-open expert discovery, then the court's order granting Summit's Motion to Bar the Testimony and Opinions of Plaintiff's Expert Norman Johanson shall stand, and Summit's Motion for Summary Judgment shall be granted.

Plaintiff, in his Reply, argues that this court has broad discretion to grant plaintiff's motion. Plaintiff contends that Weisgram, upon which Summit relies, even implies the power and discretion

2

of the trial court. Plaintiff further argues that his request is practicable, workable and does not prejudice the rights of Summit. Plaintiff states that his expert will be able to accomplish all necessary testing, analysis and file an supplemental report necessary within the thirty-day time period suggested by the court. Plaintiff states that he has no objection to Summit conducting further discovery after receiving the supplemental information from plaintiff's expert.

## **Discussion**

As stated above, both parties rely on Weisgram. In that case, the Supreme Court held that an appeals court could enter judgment as a matter of law for a verdict loser on appeal, where the verdict winner's evidence became insufficient after the court of appeals determined that certain evidence should not have been admitted. Plaintiff focuses on the following statement of the Court:

> It is implausible to suggest, post-*Daubert*, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail. We therefore find unconvincing [plaintiff's] fears that allowing courts of appeals to direct the entry of judgment for defendants will punish plaintiffs who could have shored up their cases by other means had they known their expert testimony would be found inadmissable...In this case, for example, although [plaintiff] was on notice every step of the way that [defendant] was challenging his experts, he made no attempt to add or substitute other evidence.

Id. at 455-56, 120 S.Ct. 1021.

The Court in Weisgram was confronted with an entirely different issue, not involving the granting of a discovery request to allow a limited amount of additional discovery. "District courts have broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders." In re Baycol Products Litigation, 596 F.3d 884, 888 (8th Cir. 2010) (citing Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758-59 (8th Cir. 2006)). The Supreme Court's language in Weisgram does not limit a district court's discretion in resolving discovery issues. In fact, as plaintiff points out, Weisgram implies the authority of the district court to grant such a

discovery request when it states "[plaintiff] made no attempt to add or substitute other evidence." Weisgram, 528 U.S. at 456, 120 S.Ct. 1021.

Summit also cites Nisus Corp. v. Perma-Chink Systems, Inc., 327 F. Supp.2d 844, 853-54 (E.D. Tenn. 2003), which relied on Weisgram in denying the plaintiff leave to file a supplemental expert report after the court excluded the opinions and testimony of the expert. As plaintiff notes, however, this Eastern District of Tennessee decision also implies the authority of the district court to grant discovery requests when it states "Nisus could have sought leave to file a supplemental expert report long before receiving two adverse rulings under *Daubert*." 327 F. Supp.2d at 855.

The undersigned finds that the court has discretion to grant plaintiff's request for a limited amount of additional discovery related to plaintiff's expert, and the request will be granted. Summit argues that plaintiff's proposed re-opening of expert discovery is impractical, unworkable and prejudicial to Summit, as Summit would have no time to consult its own expert or re-depose Mr. Johanson. Summit's concerns, however, can be addressed by the imposition of a reasonable schedule, which allows Summit time after its receipt of plaintiff's report to conduct any additional discovery related to the supplemental report.

Thus, plaintiff's motion will be granted, and the court will grant Summit thirty days from the receipt of plaintiff's supplemental report in which to conduct any additional discovery related to Mr. Johanson's supplemental report. After this thirty day period expires, no additional discovery will be permitted and no further pleadings shall be filed. This case shall be reset for trial, if necessary, after the conclusion of discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time and Leave of This Court (Doc. No. 51) be and it is **granted.**

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to conduct further discovery including any investigation and testing by his expert Mr. Johanson, and to provide a supplemental report to both Defendant Summit and the court.

**IT IS FURTHER ORDERED** that Defendant Summit is granted thirty (30) days from the date of receipt of plaintiff's supplemental report in which to conduct any further discover related to the supplemental report.

Dated this  15th  day of November, 2011.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE